IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DRAKE JORDAN FINCH, TDCJ-CID No. 1985702,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HEREFORD, *et al.*,<br><br>Defendants | 2:19-CV-223-Z-BR |

**MEMORANDUM OPINION AND ORDER
DISMISSING CIVIL RIGHTS COMPLAINT**

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 5. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

**FACTUAL BACKGROUND**

Plaintiff's Complaint alleges that on March 23, 2019, Defendant Lisa Bad, a police officer with the City of Hereford, "injured my person by way of retaliation." ECF No. 3 at 4. Through entirely conclusory allegations, Plaintiff asserts that Defendant Bad "thought [Plaintiff] had assaulted [his] ex-wife" and therefore Defendant Bad "slammed [Plaintiff's] knee between the hinge of [Defendant's] rear car door" when placing Plaintiff into a patrol car. *Id.* at 6. Plaintiff claims the other Defendants failed to train Defendant Bad regarding the proper application of force. *See id.* Further, Defendant argues that he was prosecuted for a crime that the entire police

department and local state jurisdictional authorities failed to adequately investigate, leading to his ultimately wrongful conviction and imprisonment. *See id.* at 6–7.

## LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

## ANALYSIS

As a pretrial detainee at the time of the events made the basis of this case, Plaintiff's rights flow from the procedural and substantive guarantees of the Fourteenth Amendment. *See Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (noting that an excessive force claim by a pretrial detainee is governed by the Due Process Clause rather than the Eighth Amendment). The Supreme Court recognized "that a pretrial detainee must show only that the force purposefully and

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (abrogating lower courts' application of Eighth Amendment excessive force standards in *Hudson v. McMillian*, 503 U.S. 1 (1992) to pretrial detainees). "[O]bjective reasonableness turns on the facts and circumstances of each particular case." *Id.* (internal marks omitted). The reasonableness of the force used must be assessed "from the perspective and with the knowledge of the defendant officer" and with "deference to policies and practices needed to maintain order and institutional security." *Id.* at 2474. Importantly, to state a claim of excessive force under *Kingsley*, a pretrial detainee must show that the physical act of which he complains — the actual force applied — was intentional, not accidental or negligent:

> That is because, as [the Supreme Court has] stated, liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property. Thus, if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim. But if the use of force is deliberate — purposeful or knowing — the pretrial detainee's claim may proceed.

*Id.* at 2472 (internal marks omitted).

From the description in Plaintiff's Complaint, the application of force was the result of "retaliation" because Defendant Bad allegedly held Plaintiff responsible for an assault on his ex-wife. To prevail on a retaliation claim, an inmate must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory or adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "*but for* the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (emphasis added), *cert. denied*, 522 U.S. 995 (1997) (internal marks omitted). Conclusory allegations of

3

retaliation are insufficient to defeat a summary judgment motion. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson*, 110 F.3d at 310 (internal quotation marks omitted). "The inmate must produce direct evidence of motivation, or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal quotation marks omitted). As Plaintiff fails to allege any non-conclusory allegations of retaliation or motivation, Plaintiff's claim of retaliation fails. The facts described by Plaintiff throughout the Complaint describes a tort of personal injury, not a Fourteenth Amendment excessive force claim. *See* ECF No. 3 at 7 (stating that an examination weeks after the incident revealed "only a traumatic knee injury could have caused the damage to my knee," and that "made me aware I had a viable personal injury claim"). In fact, the majority of Plaintiff's Complaint concerns the lack of investigation performed by law enforcement in his defense against his criminal case, which is not cognizable. *See Baker v. McCollan*, 443 U.S. 137, 145–46 (1979). Where no excessive force claim survives screening, a failure to train claim is also lacking.

Thus, Plaintiff's excessive force claim is **DISMISSED**.

**SO ORDERED.**

March 20, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE